# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br><br>    Plaintiff(s),<br><br>v.<br><br>Hunter Johnson, et al.,<br><br>    Defendant(s). | Case No. 2:26-cv-00992-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 38-44] |
| Geoff Winkler,<br><br>    Plaintiff(s),<br><br>v.<br><br>Stephen Hodges, et al.,<br><br>    Defendant(s). | Case No. 2:26-cv-00995-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 111-138] |
| Geoff Winkler,<br><br>    Plaintiff(s),<br><br>v.<br><br>Yee Mar, et al.,<br><br>    Defendant(s). | Case No. 2:26-cv-00996-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 50-55] |
| Geoff Winkler,<br><br>    Plaintiff(s),<br><br>v.<br><br>David Riske, et al.,<br><br>    Defendant(s). | Case No. 2:26-cv-01000-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 42-45, 84-86] |
| Geoff Winkler,<br><br>    Plaintiff(s),<br><br>v.<br><br>Giselle Bennett, et al.,<br><br>    Defendant(s). | Case No. 2:26-cv-01001-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 103-109] |

These are some of the cases that the Receiver has brought as to alleged fraudulent transfers against numerous defendants, many of whom are proceeding without a lawyer. Over the last month, the Receiver has filed more than 50 motions to strike aimed at various filings by some of the *pro se* defendants. Case No. 2:26-cv-00992-CDS-NJK, Docket Nos. 38-44; Case No. 2:26-cv-00995-CDS-NJK, Docket Nos. 111-138; Case No. 2:26-cv-00996-CDS-NJK, Docket Nos. 50-55; Case No. 2:26-cv-00996-CDS-NJK, Docket Nos. 50-55; Case No. 2:26-cv-01000-CDS-NJK, Docket Nos. 42-45, 84-86; Case No. 2:26-cv-01001-CDS-NJK, Docket Nos. 103-109. The Court does not require further briefing on the motions or a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** without prejudice the Receiver's motions to strike.

The Receiver's motions to strike are brought pursuant to Local Rule IA 10-1(d), which provides that the Court "may" strike filings that do not conform to either the local rules or the Federal Rules of Civil Procedure. As the word "may" connotes, the decision of whether to strike a document is entrusted to wide judicial discretion. *See, e.g.*, *Johnson v. Hooters, Inc.*, 2019 WL 4246682, at *2 (D. Nev. Sept. 6, 2019). Judges apply the rules with an eye toward common sense, keeping in mind the purposes that they are meant to advance. *Cf. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017). In deciding whether to strike court filings, judges will consider whether doing so accords with the need for judicial efficiency and case progression. *See, e.g.*, *Sosa Guzman v. Costco Wholesale Corp.*, 2024 WL 4406915, at *2 (D. Nev. Aug. 23, 2024). Especially with respect to *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules,[1] judges are also mindful that it may not be a useful expenditure of resources to entertain motions to strike without a showing of prejudice to the party seeking that relief. *Cf. Zeddies v. Clark Cnty. Sch. Dist.*, 2021 WL 2583545, at *2 (D. Nev. June 23, 2021).

The Receiver's motions to strike are aimed at *pro se* filings, but they are not sufficiently tethered to a showing of prejudice. While the Receiver argues, for example, that a *pro se* litigant's filing may not be on pleading paper, he fails to explain why that shortcoming prejudices him in any way. Moreover and significantly, the Receiver raises various arguments as to the merits of

---

[1] The Court also liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the underlying filings, which begs the question as to why the Receiver would be prejudiced by filing responses on the merits rather than filing a motion to strike.[2] The Court declines to resolve dozens of motions to strike without developed argument regarding prejudice to the Receiver.

The Receiver's motions also fail for the separate reason that they are filed in omnibus fashion and generally lack argument sufficiently specific to each of the filings at issue. When a litigant files omnibus motions, there is a technical requirement to docket the motion separately for each stated purpose (a requirement to which the Receiver complies with respect to these motions). Local Rule IC 2-2(b). There is an additional substantive requirement, however, that the motion must present arguments therein with sufficient specificity and clarity to enable the Court to fashion a ruling as to each issue presented. *See Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at \*2 (D. Nev. Aug. 18, 2018); *see also, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not resolve motions that are presented without meaningfully developed argument). The pending motions raise issues in collective fashion without sufficient discussion and citation to each of the specific underlying filings. Perhaps given their omnibus nature, the pending motions also at times lack meaningfully developed argument as to the other issues raised.[3] In short, the motions do not provide sufficiently developed argument specific to the issues raised as to each of the underlying documents.

While the Court declines herein to resolve on the merits the issues raised in the Receiver's motions to strike, the Court is in no way indicating that *pro se* litigants are not bound by the governing rules, that any litigant may rely carelessly on artificial intelligence in crafting their

---

[2] The motions to strike provide arguments as to the merits of many of the underlying requests, like arguing that motions *in limine* are premature, motions to dismiss are duplicative, and motions to compel are being filed without underlying discovery requests. Particularly given the need for a clear docket, the Court will not consider merits-based arguments that are tucked within a motion to strike. *See* Local Rule IC 2-2(b); *but see, e.g.*, Case No. 2:26-cv-01000-CDS-NJK, Docket No. 42 at 2 (purporting to submit motion to strike in the alternative as a response on the merits to the underlying filings).

[3] For example, the Receiver argues that certain defendants failed to "serve" their filings, but the docket reflects that notice of the filings was provided through CMECF. *See, e.g.*, Case No. 2:26-cv-01000-CDS-NJK, Docket No. 42 at 5 (arguing that Docket No. 29 was not "served" on the Receiver); *but see id.*, Docket No. 29 (notice of electronic filing showing notice was sent electronically to the Receiver's attorneys). The Receiver does not explain why that notice is insufficient to constitute service. *See* Fed. R. Civ. P. 5(b)(2)(E).

filings, or that there will never be repercussions for engaging in wasteful or abusive filings. The Court will reiterate a few (non-exhaustive) points as guidance. All attorneys and all *pro se* parties must comply with the local rules and the Federal Rules of Civil Procedure. All attorneys and all *pro se* parties must ensure that their filings present good-faith argument supported by the law and the facts; blind reliance on artificial intelligence to craft filings is improper and will not be tolerated.[4] The Court's docket is not a repository for evidence or information. All attorneys and all *pro se* parties must present requests for relief in the form of a motion or, if agreed upon by all parties, in the form of a stipulation. All attorneys and all *pro se* parties must comply with page limits and the formatting requirements. Attorneys or *pro se* parties who fail to comply with the governing rules or judicial orders may face significant repercussions, including potentially striking of their filings, imposition of monetary sanctions, issuance of vexatious litigant orders, and imposition of case-dispositive sanctions. The Court may take action it deems appropriate (including striking improper filings) in *sua sponte* fashion.

For the reasons discussed above, the Court **DENIES** without prejudice the Receiver's motions to strike. Any renewed motion(s) to strike must be filed by July 21, 2026. For any of the subject underlying documents for which a response has not been filed but is required (e.g., a motion) and for which a renewed motion to strike is not filed, the Receiver must respond to the underlying filing by July 21, 2026.

IT IS SO ORDERED.

Dated: July 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Artificial intelligence has proven to be unreliable in this arena, including generating imaginary legal authority. All attorneys and all *pro se* parties are advised to proceed with caution in using artificial intelligence as an aid in crafting judicial filings. Judges across the country, including in this District, have imposed harsh sanctions for those who have filed documents using artificial intelligence improperly.