UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br><br>Plaintiff<br><br>v.<br><br>Hunter Johnson, et al.,<br><br>Defendants | Case No. 2:26-cv-00992-CDS-NJK<br><br>**Order Denying the Defendants' Second Motion to Dismiss**<br><br>[ECF No. 27] |

This is a purported fraudulent transfer case brought by court-appointed Receiver Geoff Winkler related to a Securities and Exchange Commission (SEC) enforcement action already pending in this District against numerous defendants. *See* ECF No. 88 in *SEC v. Matthew Beasley, et al.* ("the Beasley action"), Case No. 2:22-cv-00612-CDS-EJY.

The Receiver filed its complaint on March 31, 2026. Compl., ECF No. 1. Defendant Rick Bunch agreed to waive service on April 28, 2026, and his answer was due by June 1, 2026. Waiver, ECF No. 6. On May 20, 2026, Bunch filed his first motion to dismiss. MTD-1, ECF No. 10. And on June 26, 2026, Bunch filed his second motion to dismiss. MTD-2, ECF No. 27. These motions are fully briefed.[1] For the reasons stated herein, I deny the Bunch's second motion to dismiss.[2]

---

[1] *See* Resps., ECF Nos. 15, 55. The time to file a reply was June 10, 2026, and July 27, 2026. Bunch failed to file a reply, so the motions are fully briefed.

[2] Because Bunch's first motion to dismiss (ECF No. 10) addresses arguments classifying NRS 112.230(1)(a) as a statute of repose, rather than statute of limitations, the first motion will be resolved in a separate order in the ordinary course. Accordingly, this order only resolves the motion at ECF No. 27.

# I. Discussion[3]

This receivership action stems from a long-running Ponzi scheme perpetrated by attorney Matthew Beasley, his law firm, the Beasley Law Group,[4] and as alleged, by others, including receivership defendants Jeffery Judd and Christopher Humphries, as well as receivership entities, with substantial assistance from other defendants. *See* ECF No. 1 at 4, ¶ 23.

As alleged, the receivership entities fraudulently transferred a total of $252,750.00 to Bunch. *Id.* at 8, ¶ 46. Specifically, beginning on January 19, 2018, Bunch transferred a total of $115,000.00 to the receivership entities. *Id.* And a final transaction occurred around March 23, 2021, when the receivership entities had transferred $367,750.00 of receivership property to Bunch. *Id.* As a result, the Receiver brings four claims for relief against Bunch: (1) avoidance of fraudulent transfers under NRS 112.180(1)(A); (2) avoidance of fraudulent transfer under NRS 112.180(1)(B); (3) avoidance of fraudulent transfers under NRS 112.190; and (4) unjust enrichment.

## A. Bunch's second motion to dismiss (ECF No. 27) is denied.

Over thirty days after Bunch filed his first motion to dismiss, Bunch filed a second motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), arguing that the complaint "fails to allege facts establishing standing, individualized liability, transfer-specific recoverability, ownership of the allegedly recoverable funds, or a factual basis sufficient to distinguish these Defendants from other recipients of transfers." ECF No. 27 at 2. In other words, Bunch is arguing that because the Receiver fails to plead sufficient facts to establish plausible claims for relief, the complaint should be dismissed pursuant to Rule 12(b)(6). *Id.* at 2.

---

[3] As a threshold matter, both of Bunch's motions fail to comply with the local rules. Bunch is reminded that all filings must comply with the local rules of this district, including "all documents must be in a searchable Portable Document Format (PDF)" when possible. LR IC 2-2. Bunch is cautioned that future submissions that violate the local rules may not be considered or may be stricken.

[4] *See* Plea agreement, Case No. 2:23-cr-00066-JAD-DJA at ECF No. 92 at 6–10 (Beasley admitting to Ponzi scheme).

I deny Bunch's second motion for three reasons. First, the motion is riddled with similar arguments raised in his first motion to dismiss.[5]

Second, his motion is untimely. Generally, Federal Rule of Civil Procedure 12 gives parties 21 days to serve an answer after being served with the summons and complaint. Fed. R. Civ. P. 12(a). The same rule also requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." *Id.* at 12(b). Rule 12 also permits a party to assert defenses by filing a Rule 12(b)(6) motion, but such a motion "must be made before pleading if a responsive pleading is allowed." *Id.* Here, Bunch agreed to waive service, so his answer was due by June 1, 2026. His first motion to dismiss was timely, *see* ECF No. 10, but he did not file this second motion until June 26, 2026. *See* ECF No. 27.

Third, because Bunch already filed a motion to dismiss arguing that "[b]ecause NRS 112.230 operates as a statute of repose and extinguishes Plaintiff's claims outside its prescribed period, dismissal with prejudice is mandated under Federal Rule of Civil Procedure 12(b)(6)," ECF No. 10 at 8, the Federal Rules of Civil Procedure state that he cannot now try to bring a second motion to dismiss more than thirty days after filing his initial motion to add additional arguments. "Rules 12(g) and 12(h) serve to eliminate the presentation of [Rule 12] defenses in a **piecemeal fashion**." *Hild v. Bank of Am., N.A.*, 2015 WL 1813571, at *3 (C.D. Cal. Apr. 21, 2015) (emphasis added). Specifically, "Rule 12(g)(2) prohibits a party from raising in a second Rule 12 motion a defense or objection that was available to the party but omitted from an earlier Rule 12 motion, except as provided in Rule 12(h)(2) or (3)." *Holloway v. Clackamas River Water*, 2020 WL 5471476, at *12 (D. Or. Apr. 24, 2020), *adopted*, 2020 WL 5441562 (D. Or. Sep. 10, 2020); Fed. R. Civ. P. 12(g)(2). Thus, a party may not raise in a second Rule 12 motion arguments that were available to them unless an exception applies.

---

[5] Indeed, Bunch reasserts some of the same arguments he raised in his initial motion to dismiss (ECF No. 10 at 9), making this motion duplicative of the arguments previously raised. ECF No. 27 at 2. For instance, in his second motion, he argues that to the extent that the plaintiff's claims sound in fraud, then dismissal is warranted under Rule 9(b) because the complaints are not pled with particularity. *Id.*

Rule 12(h)(2) permits a defendant to raise a defense for "failure to state a claim upon which relief can be granted to join a person required by Rule 19(b), or to state a legal defense to a claim in three distinct circumstances: (1) in any pleading allowed or ordered under Rule 7(a), such as a complaint, answer, or reply to an answer; (2) by a motion under Rule 12(c), which is a motion for judgment on the pleadings; or (3) at trial." *Coles Valley Church v. Or. Land Use Bd. of Appeals*, 2021 U.S. Dist. LEXIS 92386, at *18–19 (D. Or. May 14, 2021) (cleaned up).[6] None of these exceptions apply here.

Stated otherwise, Bunch cannot bring this second motion raising arguments he did not raise in his first motion. *See American Ass'n Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under [Rule] 12 must be raised at the first available opportunity or, if they are not, they are forever waived."). And no exception under Rule 12(h)(2) applies. Consequently, Bunch's second motion to dismiss is denied.

**II. Conclusion**

IT IS HEREBY ORDERED that Bunch's second motion to dismiss **[ECF No. 27] is DENIED.**

Dated: August 11, 2026

_______________________________
Cristina D. Silva
United States District Judge

---

[6] *See also In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial."), *aff'd*, 587 U.S. 273 (2019).