**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Hunter Johnson, et al.,<br>Defendant(s). | Case No. 2:26-cv-00992-CDS-NJK<br>**Order**<br>[Docket Nos. 67, 68] |

Pending before the Court are the Receiver's motions to extend the time to serve Defendant Jody Lake and to approve service by publication. Docket Nos. 67, 68. The motions are properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to extend and **DENIES** without prejudice the motion for service by publication.

## I. MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 60 days to October 27, 2026.

## II. MOTION FOR SERVICE BY PUBLICATION

The Receiver also seeks an order that he be allowed to effectuate service by publication. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999) (quoting *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other

methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *id.* at 749-50; *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994); *Price v. Dunn*, 787 P.2d 786, 786-87 (Nev. 1990). Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Emps. & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

In this case, the Receiver has attempted service on Defendant Lake at two addresses and was advised at the last address that Defendant Lake recently moved. *See* Docket No. 67-1 at ¶¶ 8, 10. The Receiver also reached out to attorneys representing Defendant Lake in an unrelated state court matter, but they did not accept service on his behalf or divulge Defendant Lake's current contact information. *See id.* at ¶ 12. The Receiver also obtained an Accurint Report for Defendant Lake's girlfriend, which did not supply an additional address. *See id.* at ¶ 11.[1] Although the Receiver indicates that he is unaware of additional addresses at which to attempt service, he does not indicate why further investigatory measures (such as a skip trace) are presumed to be ineffectual. *See id.* at ¶ 13.

The Court is not persuaded that a sufficient showing has been made to warrant the disfavored relief of service by publication.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to extend and **DENIES** without prejudice the motion for service by publication.

IT IS SO ORDERED.

Dated: September 16, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] The declaration does not attest that an Accurint Report was obtained for Defendant Lake himself.